### 51339. U. S. I. F. ATLANTA CORPORATION v. HAGY et al.

DEEN, Presiding Judge.

1. U. S. I. F. Atlanta Corp. sued Charlotte and William Hagy d/b/a Charlotte Cody Personnel Consultants for $1,800 rental on office space from September, 1974, to the date of filing, predicating liability on a lease between "Arlen Realty Management, Inc., Agents for U. S. I. F. Atlanta Corporation by Richard R. Moriarty" and "Atlantis International Personnel Consultants, Inc. by Charlotte Hagy." Charlotte Hagy did not testify. William Hagy testified that at the time the lease was made out they had intended incorporating under the name of Atlantis International Personnel Consultants, Inc. but for certain reasons this was never done; that the business in fact was and always has been the sole proprietorship of Charlotte Hagy operating under the trade name of Charlotte Cody Personnel Consultants, of which business he was general manager; that he had authority and power of attorney to bind her in business transactions and that in the course of such authority he had signed her name to the lease. This evidence was sufficient to establish her liability under the lease. "The contract of any person or corporation who purports as agent of a nonexisting principal to bind such nonexisting principal only, shall be void. Any other party to such contract who is misled thereby to his injury shall have a right of action for damages against such purported agent individually." Code § 4-410.

2. The evidence further established that rent had been paid by Hagy up to September, 1974, at which time the office was moved to another location before the end of the lease period, and that the space had not been re-rented. Hagy contended that rent was owing for the month of September only in the amount of $342 because "the agreement was that we would not have to pay more.

Mr. Martin had the office leased out . . .," that one Dottie Barfield told him, "That will clear us out with you when you vacated the building" and that was the agreement with Mr. Martin and Mr. Devine. Martin, general manager of U. S. I. F., testified that he had made no such agreement and that Barfield, (Brewer?), a secretary, and Devine, general manager of the agent Arlen, had no authority to make such an agreement. There is no contention that the office space occupied by the Hagys was not the same as that described in the lease. Accordingly, it was error to direct a verdict for the plaintiff against William Hagy only in the amount of $342 which he admitted to be owing, testimony as to the rescission of the lease by agreement having been directly contradicted.

3. Although this lease contained a provision against subletting, neither that provision nor *Mendel v. Barrett & Son,* 32 Ga. App. 581 (124 SE 107) and *Pylant v. Webb,* 2 Ga. App. 171 (58 SE 329) cited by the appellant and dealing with substitute tenants, is apposite to this case. Charlotte Hagy (or perhaps, under some of the testimony, the Hagys jointly) leased and occupied the space in a fictitious trade name. Whatever liability attaches is against her or them individually.

*Judgment reversed. Stolz, J., concurs. Evans, J., concurs in the judgment only.*

SUBMITTED SEPTEMBER 30, 1975 — DECIDED OCTOBER 24, 1975.

*John Kirby,* for appellant.
*E. T. Hendon,* for appellees.